Honorable Mariane Spearman

1

2

3

4

5

6          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                    IN AND FOR THE COUNTY OF KING
7

8   In the Receiverships of:                    )   No. 11-2-22214-4
                                                 )
9   SG INCOME+ INVESTORS GROUP, LLC;             )   No. 11-2-22215-2; No. 11-2-22217-9; No. 11-2-
    SPANGLER VENTURES ELEVEN, LP; SG             )   22218-7; No. 11-2-22220-9; No. 11-2-22216-1;
10  GROWTH+ INVESTORS GROUP, LLC;                )   No. 11-2-22214-4; No. 11-2-32074-0
                                                 )
11  SPANGLER VENTURES NINE, LLC;                 )   |amended proposed| ORDER UPON
    SPANGLER VENTURES SEVEN, LLC;                )   OMNIBUS MOTION TO
12  THE SPANGLER GROUP, INC.; and                )   ALLOCATE ASSETS AND
    TERAHOP NETWORKS, INC.                       )   EXPENSES, DETERMINE CLAIMS
13                                               )   AND INTERESTS, AUTHORIZE
                                                 )   DISTRIBUTION AND EXTEND
14                                               )   STAY
                                                 )
15  _____         )

16          THESE MATTERS arise upon the Omnibus Motion to Allocate Assets and

17   Expenses, Determine Claims and Interests, Authorize Distribution and Extend Stay

18

19   ["Omnibus Motion"] filed by receiver KLJ Consulting LLC ["Receiver"], in the above-

20   captioned cases ["Receivership Cases"], and were noted for consideration on October 30,

21   2012, pursuant to an Order Establishing Deadlines and Schedule for Omnibus Motion,

22   entered August 27, 2012 [the "Scheduling Order"].  Capitalized terms used in this Order

23
     and not separately defined herein, shall have the meaning specified in the Omnibus Motion.
24
     The Court, having considered the Omnibus Motion, all papers and evidence submitted in
25

26
                                    BUCKNELL STEHLIK SATO & STUBNER, LLP
27                                       2003 Western Avenue, Suite 400
     Order upon Omnibus Motion to Allocate Assets and       Seattle, Washington 98121
     Expenses, Determine Claims and Interests, etc. - 1    (206) 587-0144  •  fax (206) 587-0277
28

 EXHIBIT A-1

support of or opposition or other response thereto, the records and files of this case, and

being otherwise duly advised, finds and concludes as follows:

1.      Due and proper notice of the Omnibus Motion and the Receiver's request for

entry of the Scheduling Order was provided to all required creditors, Investors and parties in

interest as evidenced by Affidavits of Mailing filed herein.

2.      The Court has full jurisdiction to grant the relief provided in this Order.

Without limitation, the Court has exclusive jurisdiction over the property of the receivership

estates in the Receivership Cases, and exclusive jurisdiction to determine all controversies

related to the collection, preservation, application and distribution of all such property,

under RCW 7.60.055(1) and other applicable law.  The Court may advise or instruct the

receiver with respect to any course of action as to which the receiver is uncertain under

RCW 7.60.060(1).  The Court may order extensions of the automatic stay herein (RCW

7.60.110(2)), and orders of the Court with respect to disposition of property and treatment

of claims are binding upon all persons having a claim or interests against the estate(s) and

having knowledge of the Receivership Case(s) (RCW 7.60.190(4)).

3.      In addition, the Court may exercise original jurisdiction as to all matters in

equity under Art. IV, section 6 of the Washington State Constitution, and possesses broad

inherent equitable powers sufficient to authorize the relief granted in this Order.

4.      The relief requested in the Omnibus Motion, as the same may be modified in

this Order, is fair and equitable as to creditors, Investors, and parties in interest in the

Receivership Cases as a whole.  In the absence of determination of rights to property and

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

Order upon Omnibus Motion to Allocate Assets and
Expenses, Determine Claims and Interests, etc. - 2

W:\CLIENTS\3117\omnibus motion\omnibus order - second amended.doc

EXHIBIT A-2

claims as provided in this Order, substantial litigation over multiple issues would cause

substantial delay and expense, and would substantially reduce the overall recovery of

creditors and Investors in these cases, to their general detriment.  As a matter of equity, any

detriment to an individual creditor or Investor as a result of the relief provided in this Order

is outweighed and justified by the need for prompt, fair and equitable resolution of the

rights of all creditors and Investors in these Receivership Cases.

5.      Other than a basic priority scheme provided in RCW 7.60.230, there are no

set rules governing distribution plans in these Receivership Cases.  The Court may direct or

approve a distribution plan which is fair and equitable.

6.      There are substantial questions as to whether the specific claims upon assets

by individual Spangler Entities (or the indirect claims of investors in those entities, to

specific assets) are justified based upon evidence of fraud related to the management of or

investments made in or by the Spangler Entities.  Such evidence includes without limitation,

the allegations made in <u>United States v. Mark F. Spangler</u>, no. CR12 133 RSM, United

States District Court for the Western District of Washington at Seattle, and a parallel civil

action against Mr. Spangler commenced by the Securities and Exchange Commission.  The

Receiver has also offered evidence of commingling of assets among Spangler Entities that

would be difficult if not impossible to audit and unravel to determine the legal rights of

Investors in each such entity.  In these circumstances, a strict tracing of investments into and

by specific Spangler Entities would not result in a fair and equitable distribution and the

Court may properly consider the consolidation of assets and claims within these cases in

Order upon Omnibus Motion to Allocate Assets and
Expenses, Determine Claims and Interests, etc. - 3

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

W:\CLIENTS\3117\omnibus motion\omnibus order - second amended.doc

EXHIBIT A-3

1    order to effect a fair and equitable distribution.

2        7.    There are substantial questions as to whether capital accounts or account

3    balances as communicated in statements provided to Investors, are accurate or instead

4    wholly or partially fictitious , as evidenced by the allegations in the above-referenced

5    federal indictment and parallel Securities and Exchange Commission civil action.  The

6
7    Receiver has also offered evidence that, for instance, TeraHop Networks, in which certain

8    Spangler Entities invested, always operated at a loss and was supported by continuing cash

9    infusions from the Spangler Entities and ultimately, Investors in the Spangler Entities as

10   determined by Mark Spangler.  In these circumstances, the allowance of claims by

11
     Investors, or determination of their rights to distribution, is properly considered on the basis
12
13   of their net cash balance (more specifically, the Investor Net Cash Position as described in

14   the Omnibus Motion), as opposed to capital account or statement balance.

15       Based upon the foregoing, and for good cause otherwise shown, it is hereby

16   **ORDERED, ADJUDGED AND DECREED**:

17
18       1.    The Receiver's proposal to pool assets and expenses in the Receivership

19   Cases, as more particularly described in the Omnibus Motion, is hereby approved.  Without

20   limiting the foregoing, the Court authorizes and directs the Receiver to treat the assets of the

21   receivership estates in the Receivership Cases as pooled for purposes of payment of

22   receivership expenses, and all distributions to Investors (as defined in the Omnibus Motion).

23       2.    Claims and interests filed, asserted or assertable in the Receivership Cases by
24
25   the Spangler Financial Group Retirement Plan and Mark Spangler, which are identified on

26
27   Order upon Omnibus Motion to Allocate Assets and
28   Expenses, Determine Claims and Interests, etc. - 4

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

W:\CLIENTS\3117\omnibus motion\omnibus order - second amended.doc



1    Exhibit F to the Declaration of Kent L. Johnson for informational purposes only, are

2    deemed withdrawn to the extent filed by Virginia Andrews Burdette as receiver in the

3    receivership case of Mark Spangler and Luann Renfrow, no. 11-2-24087-8, pursuant to an

4    Order Approving Settlement and Release Agreement Between Receivership Estates entered

5    herein, but to the extent assertable by Mark Spangler, Luann Renfrow or the Spangler

6    
7    Financial Group Retirement Plan directly, are neither allowed nor disallowed at this time.

8    The Receiver shall reserve and not distribute the amounts stated on Exhibit F for Spangler

9    Financial Group Retirement Plan and Mark Spangler, until further order of the Court

10   respecting allowance or disallowance of such claims.  Likewise, the SEC Section 2 Claims

11   
12   are neither allowed nor disallowed at this time; the Receiver shall defer a decision on the

13   SEC Section 2 Claims for a later date but need not reserve for the SEC Section 2 Claims.

14          3.      All remaining claims and interests filed, asserted or assertable in the

15   Receivership Cases are disallowed, except for (a) the TeraHop Third-Party Unsecured Debt

16   Claims, TeraHop Related-Party Secured Claims and TeraHop Related-Party Unsecured

17   Debt Claims as defined and summarized in the Omnibus Motion, sections II.E.1 and III.B.

18   
19   (herein "Allowed Creditor Claims," and (b) the Investor Equity Claims as defined in the

20   Omnibus Motion, in the specific dollar amounts listed in the Total Net Cash column of

21   Exhibit 1 attached hereto (consisting of  Exhibit F to the Declaration of Kent L. Johnson

22   filed in support of the Omnibus Motion, as the same has been amended and modified in

23   
24   response to proceedings before the Court) (such allowed claims herein "Allowed Investor

25   Equity Claims").  The allowance and disallowance of claims and interests shall be binding

26   

27   Order upon Omnibus Motion to Allocate Assets and
     Expenses, Determine Claims and Interests, etc. - 5
28   

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

EXHIBIT A-5

1  upon all parties in interest in the Receivership Cases, for all purposes in these cases.

2    4.    The Receiver is authorized and directed to make distribution from the

3  liquidation proceeds realized from the sale of TeraHop estate assets ("TeraHop Proceeds")

4  to pay TeraHop Third-Party Unsecured Debt Claims.  After payment of the TeraHop Third-

5  Party Unsecured Debt Claims, the remainder of the TeraHop Proceeds shall be treated as

6
7  applied to the TeraHop Related-Party Secured Debt Claims and TeraHop Related-Party

8  Unsecured Debt Claims (which total over $14 million and exceed TeraHop Proceeds), and

9  shall then be pooled with other available funds in these consolidated Receivership Cases, or

10  any of them, for purposes of payment of receivership expenses and distribution as provided

11
12  herein.  The expenses of these Receivership Cases, both previously incurred and to be

13  incurred in the future, shall be paid from the pooled funds without need for allocation to

14  specific Spangler Entities or Receivership Cases in this consolidated matter.

15    5.    The Receiver's proposed interim distribution, as provided in the Omnibus

16  Motion, is approved.  Without limitation, the Receiver is authorized and directed to hold

17  back a Receivership Reserve of at least $1,872,000 for application toward receivership

18
19  expenses as yet unpaid and/or to be incurred in the future.  The Receiver is authorized and

20  directed to disburse, as soon as reasonably practicable, the balance of pooled, available

21  funds in the Receivership Cases, in an amount of $24,500,000 or such other amount as

22  constitutes the remainder of available funds after payment of Allowed Creditor Claims and

23  set aside of the Receivership Reserve, pro rata to the holders of Allowed Investor Equity

24  Claims according to each Investor's Investor Net Cash Position stated on Exhibit 1 to this

25
26
27  Order upon Omnibus Motion to Allocate Assets and
28  Expenses, Determine Claims and Interests, etc. - 6

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W: CLIENTS\3117\omnibus motion\omnibus order - second amended.doc

**EXHIBIT A** -6

1  Order. and the percentage of each Investor's interest in available funds for distribution

2  calculated in Exhibit 1 based on the ratio of that Investor's Investor Net Cash Position to the

3  total Net Cash Positions of all Investors holding Allowed Equity Interests as specified in

4  Exhibit 1, provided that pending allowance or disallowance of the claims and associated,

5  listed Investor Net Cash Position asserted by Spangler Financial Group Retirement Plan

6  and/or Mark Spangler, in event of distribution prior to such allowance or disallowance,

7  funds sufficient to pay the an amount equal to the amount which would have been

8  distributed upon such Investor Net Cash Position(s) had such claims and associated Investor

9  Net Cash Position(s) been allowed at time of the distribution, shall be withheld by the

10  Receiver, to be (a) available to distribute to the Spangler Financial Group Retirement Plan

11  and/or Mark Spangler (or other estate or entity as directed by the Court) if and when such

12  claims and associated Investor Net Cash Positions are allowed and such distribution is

13  ordered by further court order, or (b) released for distribution otherwise in accordance with

14  this Order, upon entry of a further court order to the extent such claims are disallowed

15  therein.

16      6.    The Receiver is authorized, in its discretion and without need for further

17  order of the Court, to make future distribution(s) of available funds, including additional

18  recoveries and/or amounts remaining in the Receivership Reserve, pro rata and according to

19  the Allowed Equity Interests and percentages set forth in Exhibit 1 (and subject to the

20  holdback provisions relating to the Spangler Financial Group Retirement Plan and Mark

21  Spangler claims in paragraph 2) if the Receiver determines in its discretion that such funds

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\3117\omnibus motion\omnibus order - second amended.doc

**EXHIBIT A-7**

1  will not be needed to pay receivership expenses incurred or to be incurred prior to

2  completion of administration of these cases, until such time as the amount of distributions to

3  each Investor equal each Investor's Allowed Equity Interest.

4       7.      The distributions made by the Receiver as authorized in this Order shall be in

5  full and complete satisfaction of all claims, interests, demands, rights and causes of action

6

7  that each creditor, Investor, equity interest holder or other claimant has against the Receiver,

8  the receivership estates in the Receivership Cases, or any of them, herein.

9       8.      All executory contracts in the Receivership Cases not previously assumed or

10  rejected, are hereby rejected.  Claims based upon rejection of executory contracts that were

11

12  not filed within 30 days following notice of rejection are hereby declared disallowed and

13  barred, and to the extent any such claims were timely filed, such claims are hereby

14  disallowed in their entirety.

15      9.      The Receiver is authorized to take all actions necessary or helpful to

16  evidence, implement and enforce the asset allocations, claims allowance and disallowance,

17

18  and distributions authorized in this Order, without need for further court order or hearing.

19  Unless stayed pending appeal, the Receiver may take all such actions, including without

20  limitation the distribution of funds, notwithstanding the existence of an appeal of this Order.

21  This Court retains exclusive jurisdiction to enter such further orders, upon further motion, as

22  may aid the Receiver in implementing and enforcing this Order, or resolve disputes and

23  issues which may arise in the implementation and enforcement of this Order.

24      10.     The automatic stay provided in RCW 7.60.110 is hereby extended to March

25

26

27  Order upon Omnibus Motion to Allocate Assets and
28  Expenses, Determine Claims and Interests, etc. - 8

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

W:\CLIENTS\3117\omnibus motion\omnibus order - second amended.doc

**EXHIBIT A**-8

1   3, 2014, in this consolidated matter and as to each Receivership Case and receivership estate

2   therein.

3       11.     To the extent inconsistent with this Order, all objections to the Omnibus

4   Motion and the terms of this Order are hereby overruled.

5       12.     There is no just reason for delay in entry of this order, as a final judgment, to

6

7   the extent it allocates assets and expenses, determines claims, and authorizes a distribution

8   plan in these Receivership Cases, and accordingly this order shall constitute a final

9   judgment as to those matters.

10      DATED this ___ day of _____, 2012.

11

12

13                                          _____
                                            Honorable Mariane C. Spearman
14                                          Superior Court Judge
    Presented by:
15
    BUCKNELL STEHLIK SATO & STUBNER, LLP
16

17
        /s/ Andrea D. Orth
18  _____
    Thomas N. Bucknell, WSBA #1587
19  Edwin K. Sato, WSBA # 13633
    Andrea D. Orth, WSBA #24355
20  2003 Western Avenue, Suite 400
    Seattle, Washington 98121
21  206-587-0144
    206-587-0277 - fax
22  of Attorneys for Receiver

23

24

25

26
                                    BUCKNELL STEHLIK SATO & STUBNER, LLP
27                                        2003 Western Avenue, Suite 400
    Order upon Omnibus Motion to Allocate Assets and    Seattle, Washington 98121
28  Expenses, Determine Claims and Interests, etc. - 9   (206) 587-0144  •  fax (206) 587-0277

W: CLIENTS\3117\omnibus motion\omnibus order - second amended.doc

**EXHIBIT A-9**

# EXHIBIT 1

**EXHIBIT A -10**

Investor Distributions Based on Available Cash

| Available Cash Balances May 31, 2012 | 26,372,000.00 |
| Receivership Reserve | (1,872,000.00) |
| Currently Distributable Cash | 24,500,000.00 |

| Investor | Net Cash Investment | | | | | Investor Net Cash Position | Percent | Distribution Method Pooled Cash |
|---|---|---|---|---|---|---|---|---|
| | IN | GR | SV7 | SV9 | SV11 | | | |
| Aigner, Rob | | | 15,000.00 | | | 15,000.00 | 0.00025 | 6,054.00 |
| Alvarez, Paul and Annette | | | 367,066.17 | | | 367,066.17 | 0.00605 | 148,147.95 |
| Bart, Dorothy Trust | | | 29,450.11 | | | 29,450.11 | 0.00049 | 11,886.07 |
| Beard, Richardson | | | 18,376.87 | | | 18,376.87 | 0.00030 | 7,416.91 |
| Bianchi, Rudi and Francesca Living Trust | | | 32,552.85 | | 50,120.00 | 82,672.85 | 0.00136 | 33,366.77 |
| Block, Daniel L Revocable Trust | | | 91,766.54 | | | 91,766.54 | 0.00151 | 37,036.99 |
| Boyd, Richard A. & Anyang Feng | 0.00 | 485,463.24 | 206,885.49 | 35,780.73 | | 728,129.46 | 0.01199 | 293,873.13 |
| Budge, Arthur Jr. | | | 104,511.68 | | | 104,511.68 | 0.00172 | 42,180.93 |
| Burkett, Russel Family Trust | | | 16,506.18 | | | 16,506.18 | 0.00027 | 6,661.90 |
| Canmack, John | | | 53,870.88 | | | 53,870.88 | 0.00089 | 21,742.29 |
| Casteberry, Robert | | | 48,756.64 | 41,673.41 | | 90,430.05 | 0.00149 | 36,497.58 |
| Chesney, Sheila IRA (NATC) | | | | 63,815.46 | | 63,815.46 | 0.00105 | 25,755.93 |
| Clay, Roger and Ora | | | 91,766.54 | | | 91,766.54 | 0.00151 | 37,036.99 |
| Cook, Richard Trust | | | 45,942.17 | | | 45,942.17 | 0.00076 | 18,542.26 |
| DeGuyer, Edith Warren Trust | | | 91,766.54 | 65,267.51 | | 157,034.05 | 0.00259 | 63,378.96 |
| DeGuyer, Everett Lee Trust. | | | 91,766.54 | 65,267.51 | | 157,034.05 | 0.00259 | 63,378.96 |
| Delay, Gerald & Diana Ryetsky | 950,926.23 | 8,758,404.41 | 469,138.35 | 258,681.59 | | 10,437,150.58 | 0.17194 | 4,212,435.13 |
| Dick, Deborah | | | 183,533.08 | | | 183,533.08 | 0.00302 | 74,073.97 |
| Douthit, Maury E. & Pamela P. | 144,470.00 | 1,897,939.54 | 199,947.84 | 153,188.72 | | 2,395,546.10 | 0.03946 | 966,842.67 |
| Feng, Anyang | 0.00 | 715,000.00 | | | | 715,000.00 | 0.01178 | 288,574.08 |
| Foxlee, R. Heath & Catharine Bento | 0.00 | 188,481.57 | 199,947.84 | 76,713.42 | | 465,142.83 | 0.00766 | 187,731.70 |
| Gibbs, James A. | | | 298,266.12 | 78,370.13 | 240,448.18 | 617,084.43 | 0.01017 | 249,055.34 |
| Golden, Kim Z. | | | 28,058.00 | | | 28,058.00 | 0.00046 | 11,324.21 |
| Gonzale, Salvador and Carol Moore Trust | 62,808.52 | 1,592,056.10 | | | | 1,654,864.62 | 0.02726 | 667,903.54 |

EXHIBIT A-11

Investor Distributions Based on
Available Cash

| | | | | | | | 26,372,000.00 |
| | | | | | | | (1,872,000.00) |
| | | | | | | | 24,500,000.00 |

Available Cash Balances May 31, 2012
Receivership Reserve
Currently Distributable Cash

| | | | | | | Investor Net | | Distribution Method |
| Investor | IN | GR | SV7 | SV9 | SV11 | Cash Position | Percent | Pooled Cash |
|---|---|---|---|---|---|---|---|---|
| Grabner, Viktor and Diane M. Thierry | 0.00 | 1,000,000.00 | | | | 1,000,000.00 | 0.01647 | 403,600.11 |
| Hanna, Marilyn L. Trust | | | 99,966.54 | | | 99,966.54 | 0.00165 | 40,346.51 |
| Hickingbotham, Carol | | | 18,834.00 | | | 18,834.00 | 0.00031 | 7,601.40 |
| Ingram, Vana | 566,959.68 | 1,988,442.02 | | | | 2,555,401.70 | 0.04210 | 1,031,360.41 |
| Johnson, C Lewis Trust | | | 91,766.54 | | | 91,766.54 | 0.00151 | 37,036.99 |
| Johnson, L. Craig and Teresa | 479,066.28 | 1,043,961.02 | 35,000.00 | | | 1,558,027.30 | 0.02567 | 628,819.99 |
| Kaplan, Leon | | | | | 150,113.55 | 150,113.55 | 0.00247 | 60,585.85 |
| Kavalam, Jude & Patricia Brooke | | | | 51,011.44 | | 51,011.44 | 0.00084 | 20,588.22 |
| Levitan, Jean | | | | | 25,120.00 | 25,120.00 | 0.00041 | 10,138.43 |
| Lowden, Peter | | | 9,660.76 | | | 9,660.76 | 0.00016 | 3,899.08 |
| Marcus Survivors Trust | | | 11,265.82 | | | 11,265.82 | 0.00019 | 4,546.89 |
| McCarron, Scott and Jennifer | | | 16,898.73 | | | 16,898.73 | 0.00028 | 6,820.33 |
| Meguiar Family 1999 Trust | | | 32,566.58 | | 56,220.00 | 88,786.58 | 0.00146 | 35,834.27 |
| Moss, Carol Trust | | | | | 107,582.37 | 107,582.37 | 0.00177 | 43,420.26 |
| Nicolai, Max G. & Marilyn S. | 126,210.43 | 261,146.73 | 30,000.00 | 25,854.20 | | 443,211.36 | 0.00730 | 178,880.15 |
| Patton, Dennis E. IRA | | | 91,766.54 | | | 91,766.54 | 0.00151 | 37,036.99 |
| Peerson, James J. & Lanette C. | 496,681.17 | 1,962,128.42 | 61,645.51 | 51,423.90 | | 2,571,879.00 | 0.04237 | 1,038,010.65 |
| Pierson, Eve GST Trust | | | | | 53,791.18 | 53,791.18 | 0.00089 | 21,710.13 |
| Pierson, Family Trust | | | | | 53,791.18 | 53,791.18 | 0.00089 | 21,710.13 |
| Poor, Glen M. | (34,634.47) | 2,396,136.42 | 223,715.06 | 129,000.88 | | 2,714,217.89 | 0.04471 | 1,095,458.64 |
| Porter, Essex J and Cynthia Eder | 0.00 | 283,547.35 | | | | 283,547.35 | 0.00467 | 114,439.74 |
| Prus, Lee Anne and David | 0.00 | 250,000.00 | | | | 250,000.00 | 0.00412 | 100,900.03 |
| Rancourt, Darlene Schiewe Rev. Deed of Trust | | | 91,766.54 | | | 91,766.54 | 0.00151 | 37,036.99 |
| Rancourt, Tal John Deed of Trust | | | 91,766.54 | | | 91,766.54 | 0.00151 | 37,036.99 |

EXHIBIT A-12

Investor Distributions Based on Available Cash

| | | | | | | | | 26,372,000.00 |
|---|---|---|---|---|---|---|---|---|
| Available Cash Balances May 31, 2012 | | | | | | | | 26,372,000.00 |
| Receivership Reserve | | | | | | | | (1,872,000.00) |
| Currently Distributable Cash | | | | | | | | 24,500,000.00 |

| | Net Cash Investment | | | | | Investor Net | | Distribution Method Pooled |
| Investor | IN | GR | SV7 | SV9 | SV11 | Cash Position | Percent | Cash |
|---|---|---|---|---|---|---|---|---|
| Rebar, Robert and Marcella | | | 56,074.00 | | | 56,074.00 | 0.00092 | 22,631.47 |
| Rembe, Brandon | | | | 41,417.86 | | 41,417.86 | 0.00068 | 16,716.25 |
| Richman, Ruvane | 0.00 | 1,000,000.00 | | | | 1,000,000.00 | 0.01647 | 403,600.11 |
| Rieke, John W. & Gene E. Robertson | 0.00 | 851,176.90 | 92,120.18 | 50,435.57 | | 993,732.65 | 0.01637 | 401,070.61 |
| Ritman, Susan Living Trust | | | | | 78,851.18 | 78,851.18 | 0.00130 | 31,824.34 |
| Rubin, Abbe Sue Living Trust | (54,666.83) | 8,507,406.84 | 586,938.79 | 180,284.99 | | 9,219,963.79 | 0.15188 | 3,721,178.41 |
| Rupp, Richard C. and Diane Reebie Trust | 48,115.13 | 3,363,532.23 | 261,193.92 | 254,220.41 | | 3,927,061.69 | 0.06469 | 1,584,962.53 |
| Rutherford, Suzette B. | | | 91,766.54 | | | 91,766.54 | 0.00151 | 37,036.99 |
| Schaffer, Robert | | | | | 157,702.37 | 157,702.37 | 0.00260 | 63,648.69 |
| Schultz, Howard | | 493,925.69 | | | | 493,925.69 | 0.00814 | 199,348.46 |
| Schultz, Family Investment Partnership | | | 550,481.45 | 463,053.37 | | 1,013,534.82 | 0.01670 | 409,062.77 |
| Schultz: HHS Charitable Lead Annuity Trust | | | | 154,353.05 | | 154,353.05 | 0.00254 | 62,296.91 |
| Smith, Roberta | | | | | 28,320.00 | 28,320.00 | 0.00047 | 11,429.96 |
| Spangler Financial Group Retirement Plan | 442,928.95 | 382,000.00 | | | | 824,928.95 | 0.01359 | 332,941.42 |
| Spangler, Mark | | | | 76,009.80 | | 76,009.80 | 0.00125 | 30,677.56 |
| Spangler Ventures | | | 25,000.00 | | | 25,000.00 | 0.00041 | 10,090.00 |
| Spranger, Mark A. and Kim L. Kasabali | 0.00 | 265,595.15 | 30,353.75 | | | 295,948.90 | 0.00488 | 119,445.01 |
| SV11 Management, LLC | | | | | 50,984.95 | 50,984.95 | 0.00084 | 20,577.53 |
| Thomas, Richard IRA | | | | 107,447.94 | | 107,447.94 | 0.00177 | 43,366.00 |
| Trower, Tandy and Susan | 500,000.00 | 1,000,000.00 | | | | 1,500,000.00 | 0.02471 | 605,400.17 |
| Tsui, Daren and Tina | 0.00 | 225,595.67 | | | 50,240.00 | 275,835.67 | 0.00454 | 111,327.31 |
| Tylman, Frank J. Jr. Trust | | | 183,533.08 | | | 183,533.08 | 0.00302 | 74,073.97 |
| Van Leer daughters: SAMS Properties | | 83,560.09 | | 101,904.62 | | 185,464.71 | 0.00306 | 74,853.58 |
| Van Leer, daughter: Amy & Doug Bonnemeir | 70,013.86 | 163,619.93 | | | | 233,633.79 | 0.00385 | 94,294.62 |

EXHIBIT A-13

Investor Distributions Based on Available Cash

| | | | |
|---|---|---|---|
| Available Cash Balances May 31, 2012 | | | 26,372,000.00 |
| Receivership Reserve | | | (1,872,000.00) |
| Currently Distributable Cash | | | 24,500,000.00 |

| Investor | Net Cash Investment | | | | | Investor Net Cash Position | Percent | Distribution Method Pooled Cash |
|---|---|---|---|---|---|---|---|---|
| | IN | GR | SV7 | SV9 | SV11 | | | |
| Van Leer, daughter: Molly and James Walker | 71,097.80 | 163,619.93 | | | | 234,717.73 | 0.00387 | 94,732.10 |
| Van Leer, daughter: Sally and Dave Shuey | 61,732.80 | 163,619.93 | | | | 225,352.73 | 0.00371 | 90,952.39 |
| Van Leer, daughter: Sherry and Scott Wills | 70,013.76 | 163,619.93 | | | | 233,633.69 | 0.00385 | 94,294.58 |
| Vanberg Family Foundation | | | 183,533.08 | | | 183,533.08 | 0.00302 | 74,073.97 |
| Vanberg, Anne Marital Trust | | | 91,766.54 | | | 91,766.54 | 0.00151 | 37,036.99 |
| VanOerhoef, Philip J. & Kathleen McKay | | | 31,780.04 | 24,220.23 | | 56,000.27 | 0.00092 | 22,601.72 |
| Velton, Manuel and Sahily F. | (30,267.47) | 4,212,096.90 | 25,000.00 | | | 4,206,829.43 | 0.06930 | 1,697,876.82 |
| Waldie, Anne V. | | | | | 240,448.18 | 240,448.18 | 0.00396 | 97,044.91 |
| Warren, Joe Jr Estate of | | | 58,900.22 | | | 58,900.22 | 0.00097 | 23,772.14 |
| Weseman, Judith K | | 478,494.67 | | | | 478,494.67 | 0.00788 | 193,120.50 |
| Weseman Retirement | 136,434.14 | | | | | 136,434.14 | 0.00225 | 55,064.83 |
| Wilson, Connor | | | | 250,420.36 | | 250,420.36 | 0.00413 | 101,069.69 |
| Winton, Marian Revocable Deed of Trust | | | 183,533.08 | | | 183,533.08 | 0.00302 | 74,073.97 |
| Wohlstetter, Philip & Christina | | | | 51,708.40 | | 51,708.40 | 0.00085 | 20,869.52 |
| Wyatt, Leonard F. & Ana A. Rivero | 172,929.71 | 1,382,548.66 | 255,655.39 | 205,327.02 | | 2,016,460.78 | 0.03322 | 813,843.79 |
| | 4,280,819.69 | 45,145,633.55 | 6,876,611.43 | 3,056,852.52 | 1,343,733.14 | 60,703,650.33 | 1.00 | 24,500,000.00 |
| | | | | | Distribution / net cash | | | 40.36% |

EXHIBIT A-14