Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARK F. SPANGLER AND SPANGLER GROUP, INC. RETIREMENT PLAN,<br><br>　　　　　Defendants,<br><br>　and<br><br>KLJ CONSULTING, LLC, Kent L. Johnson, KLJ Consulting LLC's Managing Director, General Receiver of THE SPANGLER GROUP, INC.,<br><br>　　　　　Garnishee. | CASE NO.  C14-1203<br><br>　(2:12-CR-0133-1)<br><br>UNITED STATES' OPPOSITION TO MOTION TO QUASH WRIT OF GARNISHMENT |

COMES NOW the United States and files this Opposition to The Spangler Group, Inc. Retirement Plan's (hereafter, "Plan") Motion to Quash Writ of Garnishment.

**Background**

As noted in the Plan's Motion to Quash ("Motion"), the United States requested this Court to issue a writ of garnishment to the Plan in order to partially satisfy an almost $20 million dollar restitution order entered under the Mandatory Victim Restitution Act

UNITED STATES' OPPOSITION TO MOTION TO
QUASH WRIT OF GARNISHMENT - 1
No. C-14-1203

UNITED STATES ATTORNEY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

("MVRA"), 18 U.S.C. § 3663(a), against Mark Spangler by Judge Martinez in *United States v. Spangler*, 2:12-cr-00133-RSM. Motion at 2. Spangler was convicted of 32 counts related to having perpetrated a highly-publicized, long-running investment scam involving wire fraud, investment adviser fraud and money laundering, on dozens of clients, leaving many in desperate financial circumstances while enriching himself at their expense. *See* Declaration of Assistant United States Attorney Harold Malkin ("Malkin Declaration"), filed contemporaneously herewith, at ¶ 2. In addition to restitution, Spangler was sentenced by Judge Martinez in March 2014 to serve 16 years in prison. *Id*. Following sentencing, in May 2014, the United States sought and this Court authorized garnishment of the Plan's assets, which had previously been liquidated by a court-appointed Receiver and currently total between $380,000 and $400,000. Motion at 2.

The Plan has moved to quash the writ of garnishment on three separate grounds. Relying upon *United States v. Novak*, 476 F.3d 1041 (9th Cir. 2007) (*en banc*), the Plan asserts that the writ of garnishment only entitles the United States to the rights Spangler has as an ERISA-protected plan participant to receive distributions from the Plan and (1) the Plan entitles Spangler, who is currently 59½, to a lump-sum distribution only after he reaches the age of 65 (Motion at 5), and (2) the Plan requires the spousal consent of Plan participants to distributions of Plan assets in excess of $1,000 (Motion at 6), and Spangler's spouse has not provided consent. Third, finally and alternatively, the Plan states that because Spangler is not the only Plan participant, garnishment of Plan assets by the United States must await a determination of "the amounts that are to be paid to the other participants' accounts." Motion at 8. For the reasons discussed below, the United States disagrees with the Plan's characterization of Spangler's rights under the terms of the Plan and, further, disputes that some as-yet identified portion of the liquidated assets currently held by the Receiver cannot be subject to garnishment because they belong to "other participants' accounts."

UNITED STATES' OPPOSITION TO MOTION TO
QUASH WRIT OF GARNISHMENT - 2
No. C-14-1203

UNITED STATES ATTORNEY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## Discussion

As an initial matter, the parties agree with respect to the law governing this case. The Plan concedes that *Novak* allows the United States to reach the Plan's assets to satisfy Spangler's restitution order, which was entered pursuant to the MVRA. Motion at 5; *Novak*, 476 F.3d at 1053, 1057. For its part, the government agrees that for purposes of reaching ERISA-protected plan assets to compensate restitution beneficiaries, the government ordinarily steps into a convicted defendant's shoes and has the same rights to distributions to which the convicted defendant is entitled under the ERISA plan. *Novak*, 476 F.3d at 1063.[1]

*Spangler's Eligibility for Lump-Sum Payments Under the Plan*

Without any reference to the actual provisions of the Spangler Group Retirement Plan itself, the Plan confidently asserts, that while the terms of the Plan authorize lump-sum distributions, such distributions are only available to participants "after the plan participant has reached the normal retirement age of 65." Motion at 5. The Plan further asserts, "Spangler is only 59 years old, meaning that he and, by extension, the United States government, is not entitled to seek a lump-sum distribution from the Spangler Group Retirement Plan for another six years." *Id*. at 6. The Plan is mistaken.

Attached as Exhibit A to the accompanying Malkin Declaration is a copy of the Plan's 2011 Annual Report, which the undersigned received from counsel to the Plan's court-appointed Receiver and which, among other things, summarizes the major provisions of the Spangler Group Retirement Plan.[2] Malkin Declaration at ¶ 3. For example, on page 5

---

[1] The government would note the irony of the Plan seeking protection from the writ of garnishment based upon the anti-alienation provisions of ERISA, since Spangler's contributions, as well as the matching contributions of The Spangler Group, were proceeds of the fraudulent scheme he perpetrated upon unwitting investors. *See, e.g., In re Bell & Beckwith v. Society Bank & Trust*, 5 F.3d 150, 153. (6th Cir. 1993) (holding in a bankruptcy proceeding that deposits into ERISA-protected plan which are fraudulent in nature are void *ab initio*, and therefore do not implicate ERISA protections).

[2] Because Exhibit A contains a significant amount of personal financial information, the vast majority of which is not relevant to this dispute, the United States, out of an abundance of caution, has completely redacted most of that information, despite the Local Rules allowing for four digits of information to remain legible.

UNITED STATES' OPPOSITION TO MOTION TO
QUASH WRIT OF GARNISHMENT - 3
No. C-14-1203

UNITED STATES ATTORNEY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Exhibit A, the summary of the Plan's major provisions (at numbered paragraph 17) confirms that plan participants may receive lump-sum cash payments. Moreover, and contrary to the Plan's representation, the summary also makes quite clear that: (1) "In-Service Distributions" (distributions to plan participants still "in service" to The Spangler Group) **are** permitted after a plan participant reaches the age of 59½, so long as his/her account is fully vested (paragraph 20); (2) Hardship Distributions are permitted from all fully vested Plan participant accounts, *regardless of age* (paragraph 19); and (3) distributions to terminated Plan participants are available as soon as feasible after the anniversary date following the date of termination (paragraph 18). *Id.*

On page 9 of Exhibit A to the Malkin Declaration, Spangler's birthdate is identified as February 12, 1955, which means that Spangler has already reached 59½ years of age, the age at which he is entitled, as an "In-Service" Plan participant, to a lump-sum cash distribution from the Plan, assuming, for these purposes, that Spangler Financial Group is considered an ongoing concern.[3] Alternatively, if one were to assume that Spangler's employment by Spangler Financial Group was, in effect, terminated by the appointment of a Receiver for Spangler Financial Group by King County Superior Court on or about June 28, 2011, *see* Exhibit B to Malkin Declaration (Order appointing Receiver for Spangler Financial Group), then Spangler, according to Exhibit A, would have been entitled under the Plan to a lump-sum distribution as soon as feasible following the anniversary of his termination (June 28, 2012), *without regard to his age*. Thus, either as a current employee of Spangler Financial Group or as a previously terminated employee, the fact that Spangler is currently 59½ years of age is not an impediment to his being presently able to obtain a lump-sum distribution from the Plan to which the writ of garnishment would apply.[4]

---

[3] As far as vesting, page 5 of Exhibit A, the 2011 Annual Report, indicates that Plan accounts become 100% vested after 6 years, and page 10 of the Annual Report establishes that Spangler had participated in the Plan for more than 6 years as of December 31, 2011.

[4] Page 10 of Exhibit A indicates that Spangler's Plan account had a balance, as of December 31, 2011, well in excess of the liquidated amount currently held by the Receiver.

UNITED STATES' OPPOSITION TO MOTION TO
QUASH WRIT OF GARNISHMENT - 4
No. C-14-1203

UNITED STATES ATTORNEY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Spousal Consent to Plan Participant Distributions*

The United States also disputes the Plan's argument that the writ of garnishment must be quashed because Spangler's spouse is required to consent to any lump-sum distribution in excess of $1,000. Motion at 6. To support its assertion the Plan relies upon an excerpt of a document, attached to the Declaration of David Tuttle, that gives no indication whatsoever that it pertains to the Spangler Group Retirement Plan and appears to be a "prototype" or generic Retirement Plan document of some type. *See* Dkt. #14-2.

Although we are left to guess, it appears the portion of the excerpted document upon which the Plan relies for its spousal consent argument is located on page 4 of Dkt. #14-2 at sub-section "c," entitled "Consent to distributions." This subsection makes no reference to the $1,000 distribution limit discussed by the Plan in its Motion and, *significantly*, only addresses a spousal consent requirement applicable to distributions made as a "Joint and Survivor Annuity." However, as is evidenced by Exhibit C to the accompanying Malkin Declaration,[5] the Spangler Group Retirement Plan does <u>not</u> allow distributions in the form of annuities and, consequently, the consent of Spangler's spouse is <u>not</u> necessary before a lump-sum distribution to Spangler from the Plan can be made. *See* Exhibit C to Malkin Declaration at page 19, Section 36 ("Form of Distributions"), sub-section (f) ("*No annuities are allowed*") (emphasis supplied). Moreover, the summary of the Plan's major provisions at Exhibit A says nothing about a spousal consent requirement where it addresses distributions on page 5 and, tellingly, Spangler's spouse, Luann Renfrow,[6] has not sought to intervene in this matter to argue that her consent is required before the Plan makes a distribution to Spangler.

//

---

[5] Exhibit C is a document also received from counsel to the Plan's court-appointed Receiver. See Malkin Declaration at ¶ 5. It is an "Adoption Agreement," pursuant to which The Spangler Group's Retirement Plan provisions were restated and which was signed on page 25 by Mark Spangler on behalf of the Spangler Group, Inc. as both Corporate Officer of the Spangler Group and Trustee of the Plan.

[6] *See* Malkin Declaration at ¶ 6.

UNITED STATES' OPPOSITION TO MOTION TO
QUASH WRIT OF GARNISHMENT - 5
No. C-14-1203

*Funds Currently Held by the Receiver Include*
*Amounts Due Plan Participants Besides Spangler*

In contrast to the Plan's other two arguments for why the writ of garnishment should be quashed, the Plan's final argument is not based upon the terms of the Plan and Spangler's rights thereunder. Instead, the Plan contends that it would be inequitable to garnish the Plan assets previously liquidated by the Plan's court-appointed Receiver because some of the funds ostensibly "belong to other plan participants." Motion at 8. The Plan is once again mistaken. Exhibit A to the accompanying Malkin Declaration, the 2011 Spangler Financial Group Retirement Plan Annual Report, reveals that the only other active and vested Plan participant besides Spangler as of December 31, 2011 is Spangler's wife, Luann Renfrow.[7] Exhibit A at 10. There are no other Plan participants with retirement funds commingled amongst the $380,000 to $400,000 currently in the possession of the Receiver and although the Plan could have, it failed to specifically identify any such other participants and none has come forward to intervene in this matter.

The fact that Luann Renfrow also participated in the Spangler Group Retirement Plan in no way means that her account balance in the Plan is immune from garnishment. Washington State is a community property state. RCW 26.16.030. During the period of time Spangler was perpetrating his fraud on his investment clients, Renfrow shared the benefits of Spangler's egregious scheme to the tune of nearly $20 million. Malkin Declaration at ¶ 6. It is well-established in Washington that "a debt incurred by one spouse while acting for the benefit of the marital community is a community obligation, regardless of whether or not the other spouse approves it." *See, e.g.*, *G.W. Equipment Leasing, Inc. v. Mt. McKinley Fence Co., Inc.*, 97 Wash. App. 191, 194 (Div. 1), 982 P.2d 114 (1999). In *United States v. Berger*, 574 F.3d 1202, 1203 (9th Cir. 2009), the Ninth Circuit, applying California law, reached a similar conclusion, holding, "community property is available to

---

[7] Pages 9 and 10 of Exhibit A reference two other Spangler Group employees, in addition to Spangler and Renfrow. One, Barbara Krause, is identified as "Ineligible – Service" and is not listed as an account holder on page 10 under "Summary of Accounts." The other, Katherine Maas, retired in March 2010 and appears, per Exhibit A at page 10, to have taken a lump-sum withdrawal of her entire account balance from the Plan in 2011.

UNITED STATES' OPPOSITION TO MOTION TO
QUASH WRIT OF GARNISHMENT - 6
No. C-14-1203

UNITED STATES ATTORNEY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

satisfy a restitution judgment obtained under the MVRA against a criminally liable spouse, including that portion of the property that otherwise would potentially be awarded upon dissolution of marriage to an innocent spouse who was not involved in the criminal activity." *See also United States v. Manos*, 13-cv-05983 at Dkt. #26 (W.D. Wash. March 18, 2014) ("so long as the [marital] community shares the benefit, the [marital] community is liable." (Bryan, J.)

The only vested Plan beneficiary other than Spangler is his wife. The fact that her community property is subject to the writ garnishing the liquidated assets of the Plan is not, as demonstrated conclusively above, an adequate basis upon which to quash the writ of garnishment.

## Conclusion

For the reasons set forth above, the United States asserts that the writ of garnishment is in all respects legal and proper and should remain in full force and effect so that Spangler's victims can receive whatever measure of restitution his remaining, identifiable assets can afford them.

Dated: August 25, 2014.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

/s/ Harold Malkin
HAROLD MALKIN, WSBA # 30986
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4073
E-mail: Harold.malkin@usdoj.gov

UNITED STATES' OPPOSITION TO MOTION TO
QUASH WRIT OF GARNISHMENT - 7
No. C-14-1203

UNITED STATES ATTORNEY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

That on the below date she electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

David L. Tuttle: davidt@mlstoll-law.com;

Andrea D. Orth: aorth@bsss-law.com

That on the below date she mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

Mark Spangler, Register No. 42280-086
FCI Lompoc - Federal Correctional Institution
3600 Guard Road
Lompoc, CA  93436

Dated this 25th day of August, 2014.

 /s/ Dawn H. Fernandez
Dawn H. Fernandez, Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4308
Fax:   (206) 553-4067
E-mail: dawn.fernandez@usdoj.gov

UNITED STATES' OPPOSITION TO MOTION TO
QUASH WRIT OF GARNISHMENT - 8
No. C-14-1203

UNITED STATES ATTORNEY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970